UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAAN INGRAM,

                              Petitioner,

                -against-

AMY LAMANNA, Superintendent,

                              Respondent.

21-CV-6023 (LTS)

ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Five Points Correctional Facility, brings this *pro se* petition challenging his 2013 conviction in the County Court, Dutchess County. Petitioner filed the petition in the United States District Court for the Eastern District of New York, which transferred it here.[1] The Court directs Petitioner to file a declaration, within thirty days of the date of this order, showing cause why this application should not be denied as time barred.

## DISCUSSION

### I.      Applicable Statute of Limitations

Petitioner's application may be time-barred. A prisoner seeking *habeas corpus* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

---

[1] Petitioner paid the $5.00 filing fee for this action.

On May 18, 2013, Petitioner pleaded guilty in the County Court, Dutchess County, to criminal possession of a weapon in the second degree. (ECF 1 at 1.)[2] On June 18, 2013, he was sentenced to twelve years' incarceration, and five years' supervised release. (*Id.* at Exh. A at 15, ¶ 22.) Petitioner states that he waived his appeal rights as part of his plea agreement, and that he did not appeal.[3]

Petitioner's conviction consequently became final in 2013, following expiration of the 30-day deadline to appeal the conviction. *See* N.Y. Crim. Proc. Law § 460.10(1)(a); *see also Bethea v. Girdich,* 293 F.3d 577, 578 (2d Cir. 2002) ("[T]he one-year limitations period began running . . . when [the] time for filing a notice of appeal from [the] judgment of conviction expired"). Petitioner placed this petition in the prison mail collection box on May 21, 2021, nearly eight years after the judgment of conviction became final.

When postconviction motions are filed before expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's

---

[2] According to public records, in 2009, Petitioner pleaded guilty to robbery in the third degree and attempted robbery in the third degree. *See People v. Ingram*, 80 A.D.3d 713 (2d Dep't Jan. 18, 2011) (conviction and sentence affirmed), *lv denied*, 16 N.Y.3d 831 (Mar. 29, 2011). He was released to parole in 2010.

[3] In a state court filing attached to the § 2254 petition, the prosecution states that defense counsel filed a notice of appeal on June 21, 2013, but it was never perfected. (ECF 1 at Exh. A, at 15, ¶ 23.)

postconviction motion was pending within the one-year limitations period for bringing a § 2254 petition.

Here, Petitioner alleges that he filed a postconviction motion under CPL § 440.10 in the County Court, Dutchess County, on an unspecified date, and that court denied the motion on October 22, 2019. He attaches an exhibit showing that, on March 4, 2020, the Court of Appeals denied leave to appeal. *See People v. Ingram*, 2020-00349 (N.Y. Mar. 4, 2020); ECF 1 at Exh. A at 62.). Because it appears that the § 440.10 motion was filed in or about 2019, long after the one-year limitations period for filing a § 2254 petition expired in 2014, the postconviction proceeding in the New York state court cannot toll the limitations period. *See* 28 U.S.C. § 2244(d)(2).

## II.    Leave to File Declaration

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time barred.[1] Petitioner should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under § 2254 is subject to equitable tolling in appropriate cases). Although Petitioner notes that the Covid-19 pandemic has impacted his ability to access the law library, the deadline for filing this petition appears to have expired long before the Covid-19

---

[1] Petitioner should also include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any petition for a writ of error *coram nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

pandemic began in 2020. Petitioner must therefore allege facts showing that equitable tolling is warranted during the relevant period.

## CONCLUSION

Petitioner is directed to file a declaration, within sixty days of the date of this order, showing why the petition should not be dismissed as time barred. A declaration form is attached to this order. No answer shall be required at this time.

If Petitioner files a declaration as directed, the Court will review it, and if proper, will order the Respondent to answer the petition. If Petitioner fails, without good cause, to comply with this order within the time allowed, or if the declaration does not show cause why the petition should not be denied as time-barred, the Court will deny the petition as time-barred.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   July 26, 2021
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

Signature

Name

Prison Identification # (if incarcerated)

Address                              City              State       Zip Code

Telephone Number (if available)       E-mail Address (if available)