USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAAN INGRAM,

                              Petitioner,

              -against-

AMY LAMANNA, Superintendent, Five Points
Correctional Facility,

                              Respondent.

21-CV-06023 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Rashaan Ingram ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 (the "Petition"), challenging his 2013 conviction in the County Court of the State

of New York, Dutchess County (the "Dutchess County Court"). Respondent argues that the

Petition is time-barred and that Petitioner is not entitled to equitable tolling of the limitations

period. The Court is unable to reach that issue because Petitioner has not established whether

and when the direct appeal of his conviction was extinguished, and he therefore has not shown

that all available state court remedies have been exhausted.

## BACKGROUND

### I.    PETITIONER'S STATE CONVICTION AND UNPERFECTED APPEAL

On May 18, 2013, Petitioner pleaded guilty in the Duchess County Court to criminal

possession of a weapon in the second degree. Dkt. No. 1 at 1–2. He waived his appellate rights

pursuant to a plea agreement. *Id.* at 2. He was sentenced on June 18, 2013, to twelve years of

imprisonment and five years of supervised release. Dkt. No. 1-1 at 15.

On June 21, 2013, Petitioner's appointed trial counsel, Joseph Petito, filed with the

Dutchess County Clerk's Office a notice of appeal of Petitioner's judgment of conviction. *See*

Dkt. No. 28-1 ('Notice of Appeal"). In the same filing, Petito also requested that the Appellate

1

Division appoint appellate counsel for Petitioner. *See Id.* at 5. According to Petitioner's submissions to this Court, Petito advised him that "he shouldn't worry too much about the appeal because [he] waived [his] rights to appeal and rec[ei]ved an advantageous plea." Dkt. No. 22-1 at 2. Petitioner maintains that he also "received help from a law clerk," who told him that it could take up to five years to receive appointed counsel. *See id.* at 3.

Petitioner spent the next five years, while incarcerated, researching his case and uncovering what he describes as "constitutional violations and the conspiracy to keep [him] held captive illegally." *Id.* During that time, he also requested materials from courts, the District Attorney's Office, and Petito to help prove his innocence, but he does not claim to have taken any action or made any inquiry with respect to his appeal. *Id.*

In April 2019, surmising that no progress would be made on his appeal after nearly six years of inactivity, Petitioner, acting *pro se*, moved the Dutchess County Court for an order, pursuant to N.Y. C.P.L § 440.10(1)(h), vacating his conviction based on the purported constitutional violations uncovered by his research. *Id.*; Dkt. No. 1-1 at 31. The Dutchess County Court denied the motion on October 18, 2019, holding that the motion was "subject to mandatory denial on procedural grounds" because Petitioner failed to raise his arguments on direct appeal. Dkt. No. 28-3 at 6. In its Decision and Order, the court noted that Petitioner filed the Notice of Appeal on June 21, 2013, but "[n]o further action was taken to perfect the appeal." *Id.* at 5. Therefore, after determining that the record would have permitted Petitioner to raise his claims on direct appeal, the Dutchess County Court dismissed Petitioner's motion for vacatur because he "unjustifiably failed to perfect his appeal." *Id.*[1]

---

[1] The court also determined that Petitioner's claim failed on the merits because "[t]he record establishe[d] that [Petitioner]'s attorney provided competent, meaningful and effective representation." *Id.* at 7.

Petitioner thereafter sought leave to appeal the Duchess County Court's 2019 Decision and Order. *See* Dkt. No. 28-4. In his submission to the Appellate Division, Petitioner reiterated the arguments from his vacatur motion and explained that "[o]n June 21, 2013, [he] filed a Notice of Appeal, but took no further action to perfect the appeal because on May 8, 2013 [he] also waived his right to Appeal to the Appellate Division as part of the 'plea agreement.'" *Id.* at 3. The Appellate Division summarily denied his request on March 4, 2020. *See* Dkt. No. 28-5.

## II.    FEDERAL HABEAS PETITION

On May 21, 2021, Petitioner placed the instant petition in the mail collection box at Five Points Correctional Facility. Dkt. No. 1-1 at 65. In an order dated July 26, 2021, Chief Judge Swain directed Petitioner to file a declaration showing why his application should not be denied under Section 2254's one-year statute of limitations, given that the Petition was filed nearly eight years after Petitioner's judgment of conviction appeared to have become final. *See* Dkt. No. 7 at 1–2. After Petitioner filed a declaration that failed to identify any basis for tolling the Section 2254 limitations period, Chief Judge Swain denied the Petition as time-barred on September 9, 2021. *See* Dkt. No. 9 at 4.

On appeal of the Court's September 9, 2021 judgment, the Court of Appeals noted that the Petition "reflected that [Petitioner] had not filed a direct appeal, but he attached state court records reflecting that he had filed a direct appeal, but it had not been perfected." Dkt. No. 13. The Court of Appeals therefore vacated the judgment and remanded the case for further proceedings "to determine whether [Petitioner's] state court direct appeal was filed, and if so, whether it remains unperfected or has been dismissed, and, given these findings, whether [Petitioner's] 28 U.S.C. § 2254 petition was timely." *Id.* Chief Judge Swain accordingly reopened the case on July 26, 2022, and ordered Petitioner to submit a declaration indicating

whether he had filed a direct appeal from his state court conviction, whether the direct appeal had been perfected, whether the direct appeal had been dismissed, and any other information showing why his Section 2254 Petition is timely or why equitable tolling of the limitations period should apply. *See* Dkt. No. 16.

Petitioner, newly represented by counsel, filed a declaration and memorandum of law regarding the timeliness of the Petition on September 29, 2022. *See* Dkt. Nos. 22, 22-1. Petitioner's declaration suggests that his direct appeal was abandoned because the "Dutchess County [clerk's office] negligently never forwarded the [Notice of] Appeal to the Appellate [D]ivision." Dkt. No. 22-1 at 4. For whatever reason, Respondent had not appeared or responded to any filings in this case until the matter was reassigned to the undersigned in March 2024, and Respondent was expressly directed to file an opposition or the Petition would be deemed unopposed. Dkt. No. 27. Respondent thereafter appeared and opposed the Petition. Respondent concedes that the Notice of Appeal "was never received by the Appellate Division and no further action was taken on the direct appeal," but it is unclear "whether it was the county clerk's office, the Appellate Division or the United States Postal Service that lost [P]etitioner's paperwork." Dkt. No. 29 at 8.

Petitioner states that the office of his attorney, Paul D. Petrus, Jr., called the Dutchess County Court on August 22, 2022, to inquire about the Notice of Appeal and was told that Petitioner's direct appeal had been denied on December 22, 2019. *See* Dkt. No. 22 at 2. Petitioner never received notice of the supposed denial, and there is no documentation from either party that the Appellate Division ever made such a decision. *Id.*

4

## DISCUSSION

The only question briefed by the parties is whether the Petition is timely and, if not, whether Petitioner is entitled to equitable tolling of the limitations period.

A prisoner seeking *habeas* relief under Section 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2). Relevant here is the first benchmark, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).

The parties do not dispute that Petitioner failed to perfect his direct appeal, and they both appear to assume that Petitioner's appeal was extinguished by default several years ago, thus making his conviction final. The Court declines to make the same assumption. "No court in this Circuit has ever held that an unperfected direct appeal, which has not been formally dismissed by the state court, can be deemed a 'final judgment' for habeas corpus purposes." *Best v. New York City Police Dep't Sex Offender Unit*, No. 20-CV-02382 (WFK) (LB), 2020 WL 2933441, at *3 (E.D.N.Y. June 3, 2020) (declining to find that a petition was time-barred where a unperfected notice of appeal had been filed more than ten years prior, and the record did not reflect that the appeal had been dismissed); *see also People v. Smith*, 28 N.Y.3d 191, 202 at n.8 (2016) ("We recognize that defendant Smith's direct appeal from the 2002 conviction is not technically 'final'

5

because he has not perfected that appeal, and there is no indication from the record that the People moved to dismiss that appeal.").

Where a criminal appellant fails to timely perfect an appeal, the Appellate Division may dismiss the appeal on its own motion or on the motion of the respondent, provided that the motion is "made upon reasonable notice to the appellant and with opportunity to be heard." *See* N.Y. Crim. Proc. Law § 470.60. If the appellant is an incarcerated defendant, he must receive notice of any such motion "at the institution in which he is confined, and similar notice must be served upon the attorney, if any, who last appeared for him." *Id.* "Upon determination of the motion, a copy of the order entered thereon must similarly be served." *Id.*

Here, the Court cannot determine whether the Appellate Division has formally dismissed Petitioner's direct appeal. The August 2022 phone call between the Dutchess County Court and Petitioner's legal team provides the only support for the parties' assumption that the appeal was dismissed, at some unknown time and based on some unknown documentation or procedure. The full context of the phone call is unclear, and the conversation does not reliably confirm that the Appellate Division has issued a final order on Petitioner's appeal. It is not evident what records the court employee relied on to answer counsel's inquiry (or that the employee understood the inquiry correctly, considering that the case also involved a separate appeal regarding Petitioner's 2019 vacatur motion under Section 440). Neither party has provided documentation confirming the dismissal of the appeal or pointed to any information from the Appellate Division as to the appeal's status. Given the statutory notice requirements to a criminal appellant before an appeal can be dismissed for failure to timely perfect it, the complete absence of pertinent records belies the assumption that the Appellate Division has denied the appeal (or, alternatively, could cast doubt on the validity of any denial and provide a basis under

New York state procedure for Petitioner to revive his direct appeal). Indeed, while this Court lacks fluency in the intricacies of New York State appellate procedure, it seems incongruous that the Appellate Division could have issued a decision on the appeal when it appears it was never notified of the appeal in the first place.

Due to the uncertainty around the status of the appeal, and in light of Respondent's concession that the Appellate Division never received the Notice of Appeal due to some error not attributable to Petitioner, it is not clear whether procedural remedies remain available to Petitioner for continuing to pursue his direct appeal in state court. A district court may not grant a Section 2254 petition unless the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1). While a court is not precluded from denying a petition notwithstanding a petitioner's failure to exhaust state remedies, *see id.* § 2254(b)(2), this Court is in no position to do so here because the parties have not briefed the merits of the Petition. Moreover, the Court likewise cannot reach the parties' other arguments about timeliness under Section 2254 because, given the record outlined above, it is unclear what the triggering date for the one-year limitations period should be and, if the period has expired, whether Petitioner's conduct justifies an equitable tolling.

**CONCLUSION**

Accordingly, within forty-five (45) days of the date of this Order, Petitioner shall file a declaration stating whether any applicable state court remedy remains available with respect to his direct appeal. The declaration shall be supported by documentation sufficient to show whether the Appellate Division has formally dismissed Petitioner's direct appeal, and, if not, whether the appeal is nevertheless subject to a procedural bar. Respondent's counsel is directed

to provide whatever assistance she can in identifying and procuring the relevant records or other

evidence, if any, from the Dutchess County clerk's office and/or the Appellate Division.


Dated: May 28, 2026
        New York, New York

                                        SO ORDERED.


                                        _____
                                        MARGARET M. GARNETT
                                        United States District Judge