USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAAN INGRAM,

Petitioner,

-against-

AMY LAMANNA,

Respondent.

21-CV-06023 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this matter. The Court's May 28, 2026 Order required Petitioner to, by July 13, 2026, file a declaration stating "whether any applicable state court remedy remains available with respect to his direct appeal. The declaration shall be supported by documentation sufficient to show whether the Appellate Division has formally dismissed Petitioner's direct appeal, and, if not, whether the appeal is nevertheless subject to a procedural bar." Dkt. No. 36. After Plaintiff missed his deadline to file the declaration, the Court *sua sponte* extended the deadline until July 31, 2026. Dkt. No. 38. On July 31, 2026, Petitioner filed a declaration. Besides providing a summary of the case, it informs the Court that counsel's assistant called the Appellate Division on July 29, 2026, and was told the Notice of Appeal had been marked "abandoned" on January 5, 2015. *See* Dkt. No. 39 ¶ 27. The declaration also states, however, that counsel's assistant emailed the Clerk's Office on July 29, 2026, and was told that Appellate Division never received any notice of appeal from the Petitioner. It is unclear how an appeal that was never filed with the Appellate Division could have been marked "abandoned".

This declaration does not meet the requirements of the Court's order because it includes no representations or analysis about what State court remedies may remain available to Petitioner. To repeat, Petitioner was ordered to file a declaration stating "whether any applicable state court remedy remains available with respect to [Petitioner's] direct appeal." For example, if Petitioner filed a notice of appeal with the Dutchess County Clerk but due to an administrative error in that office or in the Appellate Division, the notice of appeal was never received, may Petitioner now perfect or renew the appeal? Assuming there was an administrative error on the part of either the Appellate Division or the Dutchess County Clerk, does the administrative error provide Petitioner access to any new State court remedies, either discretionary or mandatory?

The current record poses numerous challenges to the Court determining whether the Appellate Division received the notice of appeal. Petitioner's criminal case counsel served a notice of appeal on the District Attorney on June 21, 2013, and it was marked received by the Dutchess County Clerk's Office on June 24, 2013. Dkt. No. 28 ¶ 12. The Dutchess County Clerk's file does not indicate that the notice of appeal and accompanying documents were ever transmitted to the Appellate Division. *Id.* ¶ 13. According to the Dutchess County District

Attorney's Office, the Appellate Division also has no record of receiving the appeal paperwork that Petitioner's criminal case counsel duly served on the District Attorney and Dutchess County Clerk, and thus could not have dismissed the appeal as abandoned. *Id.* ¶ 14-15. Petitioner's counsel called the Dutchess County Court on August 22, 2022, and was told that the Court had Petitioner's notice of appeal and request for appellate counsel, but that the direct appeal was denied on December 22, 2019, and there was no documentation regarding the denial of appeal. *See* Dkt. No. 22 at 2. Furthermore, the assistant of Petitioner's counsel called the Appellate Division clerk on July 29, 2026, and was told the Notice of Appeal was marked "abandoned" on January 5, 2015, suggesting the Appellate Division did receive the notice of appeal. Dkt. No. 39 ¶ 27. Nevertheless, when emailing the Appellate Division clerk that same day, Petitioner's counsel was informed the Appellate Division never "received a notice of appeal from [Petitioner's] 2012 conviction." *Id.* Obviously, all of these things cannot be true—not least because a notice of appeal never received could not have been denied, dismissed, or deemed abandoned.

To resolve this ambiguity, Petitioner's counsel and Respondent's counsel are hereby ORDERED to meet and confer and discuss feasible mechanisms to provide final clarity on whether the Appellate Division ever received the appeal. Namely, the two should discuss whether the District Attorney may solicit, or the Court may direct, the Clerk of the Court for the Appellate Division to provide a sworn declaration (or a live witness) confirming, after a review of the relevant filings and this order, whether or not the Appellate Division ever received a notice of direct appeal from Petitioner regarding his 2013 conviction. Respondent's counsel is ORDERED to file a status letter regarding this issue by **September 16, 2026**.

Furthermore, as counsel's July 31, 2026 declaration did not address the requirements of the Court's order, Petitioner should expect to file a supplemental declaration that addresses the questions the Court posed in its May 28 Order (*i.e.,* whether Petitioner has **<u>any</u>** State court remedy available to renew, perfect, or resuscitate his direct appeal). However, because the answers to those questions may depend on the availability and content of a declaration or testimony from the Appellate Division, the Court will set a date for that supplemental declaration after that issue is resolved.

Dated: August 18, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge